the reasons stated in that decision the decree is reversed with directions to enter a decree in favor of The Rienzi Company in accordance with the prayer in its bill as amended.

VINCENT D. WYMAN, OTTO W. JURGENS and CHARLES E. CARPENTER, for The Rienzi Company.

RICHBERG, ICKES & RICHBERG, for Charles E. Affeld.

FRANCIS O'SHAUGHNESSY, for Commissioners of Lincoln Park.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

---

Charles C. O'Neill, Defendant in Error, v. Oscar Metz, Plaintiff in Error.

Gen. No. 21,042.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN COURTNEY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Affirmed. Opinion filed March 9, 1916.

### Statement of the Case.

Action by Charles C. O'Neill, plaintiff, against Oscar Metz, defendant, to recover a balance due of ninety dollars, on the sale to defendant of one second hand steam boiler and four second hand steam radiators at the agreed price of one hundred dollars, of which ten dollars had been paid by defendant. From a judgment in favor of plaintiff, defendant brings error.

In his affidavit of merits defendant set up the defense that plaintiff expressly warranted that the goods were ''sound and fit for the purpose of using the same

in defendant's building," that defendant relied upon the warranty and paid plaintiff ten dollars as part of the purchase price, and after delivery and installation in defendant's building they were found to be unsound and unfit for said purpose and of no value to defendant.

A. L. WILLIAMS, for plaintiff in error; GEORGE H. SUGRUE, of counsel.

GROVER C. NIEMEYER, for defendant in error.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

### Abstract of the Decision.

1.  SALES, § 329*—*when evidence insufficient to establish implied warranty as to soundness and fitness.* In an action to recover the balance due on the purchase price of one secondhand steam boiler and four secondhand steam radiators, evidence *held* insufficient to establish an implied warranty as to soundness and fitness of the goods.

2.  SALES, § 329*—*when evidence insufficient to establish an express warranty as to soundness and fitness.* In an action to recover the balance due on the purchase price of one secondhand steam boiler and four secondhand steam radiators, evidence *held* insufficient to establish an express warranty as to soundness and fitness of the goods.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.